# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN M. MEYER, JR. and
SEISMIC SCIENCES, INC.,

        Plaintiffs,

     v.                                                  Case No. 06-C-998

ANDREY BERG, SEISMO ELECTRIC
SOUNDINGS, INC., KYO SUN KIM, and
ROBERT D. FRANCIS,

        Defendants.

## ORDER

Plaintiffs in the above matter have filed a motion for a judgment by default against defendant Seismo Electric Soundings, Inc., pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. The affidavit filed in support of the motion states that the defendant has failed to file a proper answer or otherwise respond to the complaint within the time allowed. In a letter accompanying the motion and affidavit, counsel for plaintiffs states that "the proposed Order for Partial Judgment does not contain reference to compensatory and punitive damages. We expect to hear from our client regarding the amount of damages suffered soon." (Doc. #32.) Based upon my review of the file in this matter and Rule 55, I conclude that plaintiffs are entitled to entry of default by the clerk pursuant to Rule 55(a). That provision provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall entered the party's default.

Fed. R. Civ. P. 55(a). Since the affidavit filed in support of their motion establishes the fact that defendant Seismo Electric Soundings, Inc., has failed to file a response within the time allowed, the clerk is hereby directed to enter Seismo's default in the docket.

It is clear from subsection (b) of Rule 55, however, that plaintiff is not entitled to a default judgment at this point in time. Subsection (b) provides that judgment may be entered by the clerk "when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1). In all other cases the party entitled to a judgment by default is to apply to the court. Fed. R. Civ. P. 55(b)(2). Moreover,

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed R. Civ. P. 55(b)(2). Here, it is clear from counsel's letter accompanying the motion that it will be necessary for the plaintiff to present evidence before the amount of damages can be established. Moreover, it is further clear that plaintiffs are not yet in a position to present such evidence. The court will therefore direct the clerk to schedule this motion for a hearing within the next 60 days or at such time as plaintiff believes they will be in a position to present evidence in support of their motion.

**SO ORDERED** this ___14th___ day of February, 2007.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge